UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory Callimanopulos,<br><br>                                        Plaintiff,<br><br>vs.<br><br>Christie's Inc.,<br><br>                                        Defendant. |  09 CIV 4631<br><br> |

## COMPLAINT

Plaintiff Gregory Callimanopulos for his Complaint against Christies Inc. ("Christies") alleges as follows:

### Nature of the Action

1. Plaintiff, an art collector, brings this action against Defendant, an auction house, seeking a declaration that his was the successful bid for a work of modern art, "Grey" by Sam Francis (the "Work"), Lot 12 at Defendant's Post-War and Contemporary Art Evening Sale auction on May 13, 2009.

2. Plaintiff, bidding for the Work by telephone with Ms. April Jacobs of Christies, bid $3 million for the Work, the hammer fell, and Defendant's auctioneer, Christopher Burge looking at Ms Jacobs announced "sold to the telephone at USD 3M." Notwithstanding the completion of the auction for the Work under New York law, Defendant subsequently and improperly thereafter reopened the bidding for the Work. After that round of bidding, the Defendant declared the Work sold to another bidder for $3.2 million hammer price

3. Plaintiff now seeks a declaration that he was the successful bidder for the work, and an order that Defendant transfer title and possession of the work to him upon payment

of $3 million (plus any applicable fees or charges), as well as temporary and preliminary injunctive relief enjoining Defendant from transferring the work to the later bidder or destroying critical evidence – video and audio recordings of the auction.

### Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that Plaintiff is a citizen of a foreign state and Defendant is a citizen of the state of New York and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that Defendant resides within the District.

### Parties

6.     Plaintiff Gregory Callimanopulos is a citizen of the Hellenic Republic.

7.     On information and belief, Defendant Christie's is a New York corporation with its principal place of business at 20 Rockefeller Center, New York, New York 10020

### Facts

8.     Plaintiff is an art collector. He has bid at art auctions at Defendant Christie's for about thirty years.

9.     Defendant conducted its Post-War and Contemporary Art Evening Sale auction (the "Auction") on May 13, 2009 at its saleroom at 20 Rockefeller Plaza, New York City. The auctioneer was Chrisopher Burge. On information and belief, Mr. Burge is licensed by the City of New York as an auctioneer, number 761543.

10.     Lot 12 at the Auction was the Work, a painting by Sam Francis entitled "Grey" dated 1954. The estimated price range for the Work was $2 million to $3 million.

11. Plaintiff was one of the telephone bidders for the Work. Christie's employee April Richon Jacobs was in the salesroom on the telephone with Plaintiff.

12. Plaintiff conveyed a bid of $3 million on behalf of Plaintiff to the Mr. Burge, who recognized the bid.

13. Following receipt of Plaintiff's bid, Mr. Burge dropped the hammer and declared "Sold to the telephone for three million dollars"

14. After a pause of not less than twenty seconds and after the sale had been completed, Mr. Burge recommenced the bidding and took a bid for $3.1 million. Mr. Burge ultimately concluded this second round of bidding at $3.2 million.

15. Mr. Burge purported to justify reopening the bidding by announcing that another bidder had bid as the hammer fell. This was not correct.

16. In fact, in an email to the Curator of Plaintiff's collection on May 14, Christie's "Co-Head of Evening Sale", who was handling Plaintiffs telephone bid, stated that "From my vantage point, I did not see a new paddle go up before the hammer went down. In my opinion we [Ms. Jacobs and Mr. Callimanopulos] were the final bidder, and the piece sold to us for $3M."

17. Associates of Mr. Callimanopolus, seated in the front row at the auction, did not see a new paddle go up before the hammer fell.

18. On information and belief, the high bid for the second round of bidding was placed by Joanne Heyler, the director of the Broad Art Foundation in Los Angeles, as agent for Eli Broad, another art collector.

19. Acceptance of bids made after the hammer falls is in contravention of Section 2-328 of the New York Uniform Commercial Code, the custom and practice of auctions of fine art, and Christie's own custom and practice in the conduct of its own auctions.

20. In fact, Mr. Burge subsequently refused to accept a late bid placed at the same auction.

21. On information and belief, Defendant is in the process of finalizing the transfer of the Work to Mr. Broad. The Conditions of Sale for the Auction require completion of payment by 4:30 pm on the seventh day following the auction. Payment and transfer of the Work may occur before that time.

22. On the evening of May 14, counsel for Plaintiff sent a letter requesting that Defendant preserve video recordings of the auction and any telephone recording of Mr. Callimanopulos's bidding, and not complete the sale or deliver the Work to the purported buyer.

23. Christie's has not responded to Plaintiff's request.

### Count I
### (Declaratory Judgment)

24. Plaintiff alleges paragraphs 1-23 herein.

25. New York Uniform Commercial Code § 2-328 provides: "A sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner." In accordance with the New York Uniform Commercial Code, section 3(j) of Christie's Conditions of Sale for the Auction provides: "Subject to the auctioneer's discretion, the highest bidder accepted by the auctioneer will be the buyer and the striking of his hammer marks the acceptance of the highest bid and the conclusion of a contract for sale between the seller and the buyer."

26. The sale by auction of the Work to Plaintiff was complete when Mr. Burge dropped the hammer and declared "Sold to the telephone for three million dollars."

27. Notwithstanding, Defendant has taken the position that the sale to Plaintiff was not complete and has purported to sell the Work to a third party.

28. There is an actual controversy between Plaintiff and Defendant arising under the jurisdiction of this Court pursuant to 28 U.S.C. § 2201.

29. Plaintiff is thus entitled to a declaration that the sale of the Work to him was complete and that he holds title to the Work, subject only to payment by him of the sum of $3 million dollars and any applicable fees or charges.

### Count II
### (Breach of Contract)

30. Plaintiff realleges paragraphs 1-29 herein.

31. Defendant's acceptance of Plaintiffs bid for $3 million for the Work, and dropping the hammer and announcing the sale to Plaintiff, constituted a contract to complete the sale of the Work and the transfer of title to Plaintiff.

32. Defendant has not done so, and has therefore breached the contract.

33. The Work is a unique piece of artwork, and monetary damages will not adequately compensate Plaintiff for Defendant's breach of contract.

34. Plaintiff is therefore entitled to a judgment requiring Defendant to perform the contract and transfer title and possession of the Work to Plaintiff upon payment of the contract price and any applicable fees or charges as may apply, which Plaintiff hereby tenders.

### Prayer for Relief

WHEREFORE, Plaintiff Gregory Callimanopulos respectfully requests judgment against Defendant Christies Inc.:

(a) on Count I of the Complaint, a declaration that the sale of the Work to him was complete and that he holds title to the Work, subject only to payment by him of the sum of $3 million dollars and any applicable fees or charges;

(b) on Count II of the Complaint, ordering Defendant to transfer title and possession of the Work to Plaintiff upon payment of the contract price of $3 million as well as such additional fees and charges as may apply;

(c) awarding Plaintiff temporary, preliminary and permanent relief enjoining Defendant Christie's Inc. from transferring the Work to any other person and from disposing, destroying, altering or any other way changing any and all audio and/or video recordings of the auction; and

(d) awarding the attorneys' fees, costs and disbursements incurred in this action by Plaintiff; and

(e) awarding such other, further and different relief as to the Court seems just and proper.

New York, New York
May 15, 2009

SEWARD & KISSEL LLP

By: _____
Jeffrey M. Dine
Benay L. Josselson

One Battery Park Plaza
New York, New York 10004
(212) 574-1200

Attorneys For Plaintiff Gregory Callimanopulos